**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Jennifer M. Dubay, SBN 013204
Attorneys for Defendant GMAC Mortgage Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| A. Everette Adams, a single man, | NO. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| GMAC Mortgage Corporation, a Pennsylvania corporation, | |
| Defendant. | |

PLEASE TAKE NOTICE that Defendant GMAC Mortgage Corporation ("GMACM"), by its undersigned attorneys, gives notice of removal and hereby removes the above-captioned action from the Superior Court of the State of Arizona, Pima County, where it is currently pending, to the United States District Court for the District of Arizona, Tucson Division, pursuant to 28 U.S.C. § 1441 et seq. In support of this removal, GMACM alleges as follows:

1.      Plaintiff filed his Complaint on March 31, 2006 in the Superior Court in and for the County of Pima, Arizona, Cause No. C2006-1757.

2.      Plaintiff served Defendant's agent with the Summons and Complaint on April 6, 2006.

phx-fs1\1543147v02

1        3.     Fewer than thirty (30) days have elapsed since Defendant was served with

2   the Summons and Complaint.

3        4.     The Complaint alleges federal claims under the Fair Credit Reporting Act,

4   15 U.S.C. §1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*,

5   the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, and state statutory

6   and common law claims for violation of A.R.S. §44-1691 *et seq.*, breach of contract,

7   negligence, defamation, and intentional infliction of emotional distress.

8        5.     The United States District Court for the District of Arizona has jurisdiction

9   over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367

10   (supplemental jurisdiction).

11        6.     The only named Defendant requests and consents to this removal.

12        7.     Defendant served a copy of this Notice of Removal on counsel for Plaintiff

13   on May 4, 2006 and sent a copy of this Notice of Removal via Federal Express on May 4,

14   2006 to the Clerk of the Superior Court of the State of Arizona in and for the County of

15   Pima for filing on May 5, 2006.

16        8.     Copies of all pleadings filed and served in Pima County, Arizona Superior

17   Court Cause No. C2006-1757 are submitted with this Notice of Removal.

18        DATED this 4th day of May, 2006.

19

20        GREENBERG TRAURIG, LLP

21

22        By: _____

23           Jennifer M. Dubay
        Attorneys for Defendant GMAC Mortgage
        Corporation

24

25

26

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

# CERTIFICATE OF SERVICE

☒   I hereby certify that on May 4, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: _____

_____

_____

_____

☒   I hereby certify that on May 4, 2006, I served the attached document by United States Mail on the following:

Joane E. Hallinan
LAW OFFICES OF JOANE E. HALLINAN
2751 E. Ozona Pl.
Tucson, AZ 85718
Attorney for Plaintiff

                        s/Laura L. Giese
        _____

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

phx-fs1\1543147v02

# EXHIBIT A

# EXHIBIT A

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| A. EVERETTE ADAMS, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE CORPORATION,<br><br>Defendant | CASE NO. C20061757<br><br>**CIVIL SUMMONS**<br><br>Assigned to: _Richard Fell_ |

### THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANTS:

**GMAC MORTGAGE CORPORATIOM**
**% CORPORATION SERVICE COMPANY**
**2338 W. ROYAL PLAM RD. STE. # J**
**PHOENIX, AZ 85021**

I.   A lawsuit has been filed against you.

II.  If you do not want a judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court of Pima County, at 110 W. Congress, Tucson, Arizona, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the plaintiff's attorney whose name appears below.

III. The Response must be filed within TWENTY DAYS, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of service, if served outside the State of Arizona.

IV.  This is a legal document. If you do not understand its consequences, you should seek the advise of an attorney.

V.   Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

WITNESS My Hand and the Seal of the Superior Court.

DATED: MAR 31      PATRICIA A. NOLAND

By _____
      Deputy Clerk

Attorney's Name, Address, Phone
Joane E. Hallinan, Esquire
Law Office of Joane E. Hallinan, Esq.
2751 E. Ozona Place
Tucson, Arizona 85716
Telephone: 520.232.1222
AZ Bar # 022487/ Pima County Bar # 65703



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

SQC / ALL
Transmittal Number: 4426056
Date Processed: 04/06/2006

| | |
|---|---|
| Primary Contact: | SOP Scan - GMAC Mortgage Corp.<br>SOP - PowerBrief - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | GMAC Mortgage Corporation<br>Entity ID Number 2339299 |
| Entity Served: | GMAC Mortgage Corporation |
| Title of Action: | A. Everette Adams vs. GMAC Mortgage Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Foreclosure |
| Court: | Pima County Superior Court, Arizona |
| Case Number: | C20061757 |
| Jurisdiction Served: | Arizona |
| Date Served on CSC: | 04/06/2006 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Joane E. Hallinan<br>520-232-1222 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

1  LAW OFFICES OF JOANE E. HALLINAN
   2751 E. OZONA PL.
2  Tucson, Arizona 85718
   (520) 299-1612 / (520) 577-7044 Fax
3  Joane E. Hallinan, Esq.
   AZ State Bar No. 022487/PCC No. 65703
4  Attorney for Plaintiff

5              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6                   IN AND FOR THE COUNTY OF PIMA

7

8  A. EVERETTE ADAMS, a single man,        CASE NO. C20061757

9                   Plaintiff,             COMPLAINT
                                             BREACH OF CONTRACT,
10 vs.                                       VIOLATIONS OF:
                                               Real      Estate    Settlement
11                                             Procedures Act,
                                               Fair Credit Reporting Act,
12 GMAC MORTGAGE CORPORATION,                  Arizona Consumer Reporting Act,
                                               Fair Debt Collection Practices
13                  Defendants.                Act,
                                             INTENTIONAL INFLICTION OF
14                                           EMOTIONAL    DISTRESS    AND
                                             HARRASMENT,
15                                           NEGLIGENCE,
                                               (non-motor accident)
16                                           DEFAMATION OF CHARACTER.

17

18                                         Assigned to:  _Richard_

19                                         _____

20

21       COMES NOW the Plaintiff A. EVERETTE ADAMS by an through his counsel

22  undersigned, and for his claim for relief alleges as follows:

23                   I.    PRELIMINARY STATEMENT

24

25  1.    This action is brought by the Debtor, Plaintiff A. Everette Adams ("Plaintiff"),

26  against the mortgage company that holds and services a mortgage on his home,

27  Defendant GMAC MORTGAGE CORPORATION ("GMAC").

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OXONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

2.     GMAC has refused to honor the Waiver of Escrow term of the mortgage loan agreement entered into between the parties at the origination of said mortgage, and as a result has overcharged the Plaintiff and failed to properly credit payments on his mortgage account, resulting in Plaintiff's mortgage being forced into foreclosure thereby causing Plaintiff to incur late fees, other foreclosure-related penalties and fees, and attorney's fees.

3.     That GMAC's imposition of the escrow account was done without providing Plaintiff with actual notice thereof as required under the Truth In Lending Act ("TILA") , and in amounts which exceed the limitations set forth by TILA.

4.     That in addition to its breach of contract, GMAC has engaged in abusive, deceptive and unfair debt collection practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692/-/1692o.

5.     That GMAC has also failed to make appropriate corrections to the mortgage account despite Plaintiff's dispute of the overcharges and misapplication of payments, in violation of the mortgage servicer provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

6.     That the Plaintiff is also victim of repeated false consumer credit reports furnished by GMAC, and GMAC has failed to conduct a reasonable investigation upon receipt of Plaintiff's written and oral disputes of said false consumer reports in violation of GMAC's requirements as a furnisher of consumer credit reports under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(a) and (b), and 1681(n) and (o), and the Arizona Consumer Report Act ("ACRA"). That said violations resulted in damage to Plaintiff's

2

credit worthiness, monetary damages, loss of his long-term credit card account, and defamation to his business reputation.

## II.   PARTIES

1.     That Plaintiff is a single man, and resident of the County of Pima, State of Arizona.

2.     That Defendant GMAC MORTGAGE CORPORATION ("GMAC") is resident of the State of Pennsylvania, and registered in the State of Arizona as a foreign corporation.

3.     That GMAC is a "debt collector" of the Plaintiff's ("Debtor's") "debt" as those terms are defined in the FDCPA, 15 U.S.C. § 1692a.

4.     That GMAC is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i).

5.     That GMAC is a furnisher of consumer credit as defined in FCRA and ACRA.

## III.   JURISDICTION AND VENUE

1.     That Plaintiff is resident of the County of Pima, State of Arizona;

2.     That GMAC has sufficient minimum contacts within the County of Pima, State of Arizona to reasonably anticipate a claim therein;

3.     That the events which give rise to the claims herein occurred in Pima County, Arizona;

4.     That Plaintiffs state claims herein based on allegations of GMAC'S violations of the Arizona State and Federal laws;

5.     That this court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This action is a core proceeding.

6.     That venue is proper herein.

## IV.   REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

3

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

## V. REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the GMAC under the provisions of the Fair Credit Reporting Act and/or the laws of the State of Arizona.

## VI. REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of the RESPA, TILA, FCRA, and/or the laws of the State of Arizona, including but not limited to Arizona Revised Statute ("A.R.S.") Section 12-341.01.

## VII. GENERAL ALLEGATIONS

1. That on or about January 9, 2004 Plaintiff A. E. Adams ("Plaintiff") obtained a mortgage loan from Defendant GMAC MORTGAGE CORPORATION ("GMAC"), inclusive of a "Waiver of Escrow" waiving the requirement to pay monies into an impound account for the following: Real Estate Taxes; Hazard (Homeowner's) Insurance Premium; and Flood Insurance Premiums. (The Waiver of Escrow is attached hereto as Exhibit A).

2. That said mortgage loan, account number 0654856712 was a refinance of a prior mortgage held by GMAC secured against the same real property, which was also a refinance of the purchase money mortgage loan which Plaintiff also obtained through GMAC.

3. That Plaintiff had established a long-term flawless account history with GMAC prior to the actions and omissions at issue herein.

4. That Plaintiff paid each of his monthly mortgage payments in a timely manner

as agreed pursuant to the terms of the mortgage agreement for the loan.

5.     That Plaintiff had understood that his real estate taxes for the year 2004 were paid at the close of escrow of his mortgage loan with GMAC.

6.     That Plaintiff did not receive notice from the County of Pima Treasurer's office or from GMAC that his real property taxes were due.

7.     That GMAC paid the 2004 property taxes and mailed a notice of deficiency of escrow to an incorrect mailing address for Plaintiff, and imposed an impound account requirement onto Plaintiff's account.

8.     That Plaintiff did not receive any written notice of the imposed escrow account, but he did realize that his minimum monthly payment was higher than normal when he arranged to make his monthly payment to GMAC on line.

9.     That Plaintiff contacted GMAC and understood that he would have to pay the amount paid for taxes on his behalf to GMAC.

10.    That Plaintiff immediately paid the extra amounts as demanded with the understanding he was simply repaying GMAC for the taxes paid on his behalf.

11.    That once Plaintiff paid the amount sufficient to cover the taxes paid by GMAC on his behalf, Plaintiff resumed paying his normal mortgage payment.

12.    That Plaintiff paid his home owners association dues, and hazard insurance, and real property taxes directly when they came due again.

13.    That Plaintiff paid his regular mortgage payment amounts ("as agreed" pursuant to the terms of the written contract/note) on September 12, 2005, October 14, 2005 and November 15, 2005.

14.    That although Plaintiff paid his monthly mortgage payments as agreed  AND GMAC retained said funds, GMAC designated the payments as "unapplied funds" and began furnishing inaccurate consumer credit reports of 30 day late payments and greater

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

than 30 day late payments to consumer credit reporting agencies in regards to Plaintiff's account.

15.    That Plaintiff was not aware of GMAC's designation of his payments as "unapplied funds" or that GMAC had furnished inaccurate consumer credit reports about him until his own bank with which Plaintiff had a prior, flawless, long-term history, notified Plaintiff that they were closing his credit card account because GMAC reported he had not paid his mortgage payments in four (4) months.

16.    That Plaintiff also received notice that his home loan was in foreclosure at or about the same time.

17.    That upon receipt of said notices, Plaintiff advised his bank and GMAC that the consumer credit reports regarding late payments to his mortgage were not true. Plaintiff's disputes were sent to his bank and to GMAC via telephone and via fax along with documentation in support of Plaintiff's dispute.

18.    That Plaintiff received an account history from GMAC in response to his dispute which clearly indicates Plaintiff paid all of his mortgage payments as agreed, but that said payments were designated by GMAC as "unapplied".

19.    That Plaintiff contacted GMAC to ask for an explanation for the basis of GMAC's actions. That GMAC Representative simply reiterated GMAC's claims that Plaintiff had not paid his mortgage payment for four (4) months.

20.    That Plaintiff then retained legal counsel who contacted GMAC Representatives and the Trustee for the Foreclosure on more than one occasion, before a GMAC Representative by the name of Mira advised that the problem was a result of GMAC's

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

6

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

permanent imposition of a requirement of an impound account for insurance, taxes and home owner's insurance.

21.     That Plaintiff's legal counsel requested documentation in support of the imposition of the escrow account such as: a clause of the Waiver of Escrow document signed by Plaintiff at close of escrow; a contractual term of the mortgage loan agreement or any document thereof (including the note) which advised of the possibility of said imposition, and/or any proof that GMAC ever provided notice to Plaintiff that the impound account was required on a permanent basis.

22.     That no such documentation was provided, as GMAC had not sent Plaintiff any notice of the permanent imposition of the impound account.

23.     That on or about January 13, 2006 Plaintiff, through his legal counsel, sent another written notice of his dispute and a request for information to GMAC, and stated a complaint that Plaintiff continued to receive numerous harassing telephone calls from GMAC representatives in attempts to collect the amounts in dispute.

24.     That in that same notice, Plaintiff, through his counsel also advised that GMAC representatives had confirmed they mailed all of its correspondence to Plaintiff prior to December of 2005 to an incorrect, undeliverable address. As such, it was evident that Plaintiff did not receive notice of GMAC's imposition of a permanent escrow account and/or an annual itemized statement of the taxes, insurance, or home owner's fees for the ensuing twelve month period.

25.     That GMAC provided a written response to Plaintiff's  dispute, alleging Plaintiff had "agreed" to pay the demanded impound amounts to which Plaintiff responded with a further statement of his dispute including a QUALIFIED WRITTEN REQUEST under

7

RESPA, on or about February 17, 2006 with documentary evidence in support of his dispute.

26.    That GMAC failed to take reasonable steps to investigate Plaintiff's dispute.

27.    That GMAC continues to furnish the inaccurate consumer credit reports about Plaintiff including reports of mortgage payments greater than thirty (30) days late, although Plaintiff has clearly established he paid his principal and interest payments as agreed during the entire duration of the mortgage loan.

28.    That GMAC continues to bill Plaintiff inappropriate amounts for the escrow account, refusing the acknowledge Plaintiff's stated dispute thereof supported by documents in support of his claim that he has paid his insurance, taxes and home owners' association dues required to date (with the exception of the one tax payment for which Plaintiff reimbursed GMAC upon receipt of notice thereof).

29.    That once Plaintiff was advised of the basis for the foreclosure action, he agreed to pay the full amount demanded by GMAC, while disputing the amount demanded as inaccurate.

30.    That Plaintiff paid the full amount demanded to reinstate the mortgage loan, and continues to pay the inaccurate amount demanded on a monthly basis for his mortgage payment and the imposed impound account.

31.    That although Plaintiffs has sent written disputes of the consumer credit reports to GMAC and to EXPERIAN, EQUIFAX and TRANSUNION, collectively referenced hereinafter as Consumer Credit Reporting Agencies ("CRA's"), and expect each of said CRA's to conduct reasonable investigations to ensure the accuracy of the report by

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

correcting the inaccurate consumer credit reports furnished by GMAC, in a good faith effort to mitigate his damages caused by GMAC.

32.    That Plaintiff hereby reserves his right to seek the honorable court's permission to amend the Complaint stated herein within sixty (60) days hereof, to include actions against said CRA's should they fail to meet their requirements under the FCRA and ACRA.

33.    That as a result of the inaccurate consumer credit reports, Plaintiff has suffered monetary damages, damage to his business reputation, and severe emotional distress.

34.    That Plaintiff has also incurred attorney's fees, late fees, and foreclosure fees as a result of the afore-described breach of contract and violations of State and Federal laws by GMAC.

35.    GMAC'S refusal to honor the terms of the WAIVER OF ESCROW, and to meet their requirements under the above-stated federal and state laws by charging and collecting extraneous fees (escrow amounts, late fees and foreclosure fees) not agreed to by the parties, and its actions in improperly declaring defaults and pursing a wrongful foreclosure of the Plaintiff's home, amount to conduct by GMAC which is shocking and outrageous, resulting in Plaintiff feeling abused and harassed, and has caused Plaintiff to suffer of severe emotional distress and mental anguish.

36.    Unable to resolve his dispute with GMAC, Plaintiff was forced to file this action to seek redress of said damages, and in an attempt to dissuade GMAC from causing Plaintiff to suffer further damages.

//

//

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

9

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

## VIII.   Count I--Breach of Contract

1. The allegations stated above are re-alleged and incorporated herein by reference.

2. That GMAC breached its contractual obligations to the Plaintiff in at least the following ways:

    a. By failing to apply all payments received from the Plaintiff after August of 2005 to the principal and interest accrued after that date on the Plaintiff's mortgage account according to the terms of the original mortgage loan agreement;

    b. By assessing to the Plaintiff's mortgage account charges and fees not agreed to between the parties;

    c. By improperly allocating payments received from the August of 2005 to fees and charges not agreed to between the parties;

    d. By assessing late payment charges to the Debtor's mortgage account after August of 2005 contrary to the terms of the original mortgage loan agreement.

    e. By declaring the Plaintiff to be in default of the mortgage loan agreement when no such default exists;

    f. By initiating foreclosure proceedings contrary to the terms of mortgage loan agreement.

    g. By attempting to modify the terms of the written mortgage loan agreement without a written agreement thereof executed by the parties.

3. That said breach of contractual duties resulted in the Plaintiff's incurring the foreseeable consequential monetary damages described above, as well as the taxable costs and reasonable attorney's fees incurred herein.

//

IX.

## COUNT II–VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

1.      The allegations of the paragraphs above are re-alleged and incorporated herein by reference.

2.      On or about February 17, 2006, Plaintiff, (also referenced herein as the "Debtor"), though his attorney, sent GMAC a "qualified written request" as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of payments on his mortgage account.  In the qualified written request, the Debtor specified his reasons for belief that the account was not in default and requested that GMAC correct the error.  The Debtor also requested that GMAC provide him with information and documentation supporting its claim that the Debtor's account was in default.

3.      That GMAC violated RESPA, 12 U.S.C. § 2605(e)(1)(A), by failing to provide a written response acknowledging receipt of the Debtor's qualified written request no later than 20 days after receipt of the request.

4.      That GMAC violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to the Debtor's account in response to the qualified written request, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Debtor no later than sixty (60) days after receipt of the Debtor's qualified written request.

5.      That GMAC violated RESPA, 12 U.S.C. § 2605(e)(2)(C), by failing to provide the Debtor with the information and documentation requested, or an explanation why the information sought was unavailable, no later than sixty (60) days after receipt of the Debtor's qualified written request.

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

11

6.    That GMAC violated RESPA, 12 U.S.C. § 2605(e)(2), by refusing to cease its collection efforts and foreclosure proceedings after receiving the Debtor's qualified written request.

7.    That upon information and belief, GMAC violated RESPA, 12 U.S.C. 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Debtor that were related to his qualified written request.

8.    That GMAC has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## X.

### COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT, 15 USC 1681s-2(a) and (b), and 1681(n) and (o); and THE *ARIZONA CONSUMER REPORTING ACT* ("ACRA"), *ARIZONA REVISED STATUTES* ("A.R.S.) SEC. 44-1691-1697

1.    That pursuant to the FAIR CREDIT REPORTING ACT ("FCRA"), GMAC is a furnisher of consumer credit reports information. That as such, pursuant to 15 U.S.C. § 1681i(a)(2), once GMAC received notice of the dispute directly from a consumer credit reporting agency ("CRA"), GMAC had a duty to Plaintiff as a consumer, to conduct a reasonable investigation to insure the maximum possible accuracy of said reports and to report necessary corrections to the CRAs to which it furnished reports.

2.    That upon information and belief, GMAC received at least three notices of Plaintiffs' disputes in regards to their consumer credit reports furnished by GMAC, directly from CRAs, but GMAC failed to conduct a reasonable investigation to insure the maximum possible accuracy of said reports, and/or GMAC failed to correct the inaccurate reports.

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

3.      That said inaccurate and false information furnished by GMAC resulted in foreseeable damage to Plaintiffs' credit worthiness, causing Plaintiffs to suffer monetary harm, damage to his business reputation, and to suffer severe emotional distress.

## XI.

## COUNT IV--VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

1.      The allegations of paragraphs above are re-alleged and incorporated herein by reference.

2.      That GMAC violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect the debt owed by Plaintiff (the "Debtor"), including the collecting and attempting to collect of escrow amounts, interest and other charges, fees and expenses not authorized by the mortgage loan agreement, or otherwise legally chargeable to the Debtor, as more fully set forth above.

3.      That GMAC violated the FDCPA, 15 U.S.C. § 1692e(2), by misrepresenting the character, amount, and legal status of the Debtor's debt.

4.      That GMAC violated the FDCPA, 15 U.S.C. §§ 1692e(5)and 1692f(6), by threatening to foreclose on the Debtor's home even though GMAC has no present right to possession of the property under its security agreement, and by threatening to take other action prohibited by law.

5.      That GMAC violated the FDCPA, 15 U.S.C. § 1692g(a)(1), by failing to accurately and fully state in communications to the Debtor "the amount of the debt."

//

//

//

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

## XII.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – HARASSMENT

1.    That Defendant GMAC owed Plaintiffs a duty not to engage in reckless or willful conduct which was extreme and outrageous, and which would likely cause a reasonable man to suffer severe emotional distress.

2.    Here, GMAC's conduct was outrageous and extreme in the damaging false and unfair consumer credit reports and collection attempts as well as placing the mortgage into foreclosure with full knowledge that Plaintiff had paid all payments as agreed.

3.    GMAC's conduct was so outrageous and extreme as no reasonable person could be expected to endure it without suffering severe emotional distress. As such, said conduct is totally unacceptable in society.

4.    That Defendant acted with intent and with malice, knowing said acts would likely result in Plaintiffs, or any reasonable person to suffer severe emotional distress.

5.    That GMAC's conduct did cause Plaintiff to suffer severe emotional distress manifested in sleepless nights, and heightened anxiety.

6.    That GMAC engaged in said conduct knowing it would have the natural consequence of causing Plaintiff, a Senior Citizen, to feel severely harassed, oppressed, abused, or annoyed;

7.    That said conduct did cause Plaintiffs to feel severely harassed, oppressed abused or annoyed.

//

//

14

LAW OFFICE OF JOANE B. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

## XIII

## COUNT VI: NEGLIGENCE

1.      That GMAC, as a mortgage service company of a federally related mortgage loan, entered into a written agreement with Plaintiff, its customer who is also a consumer. GMAC thereby owed Plaintiff a duty of care to abide by the terms of the agreement and to abide by all applicable laws.

2.      That GMAC, as a furnisher of information for consumer credit reports, owed duties of reasonable care to Plaintiff, as a consumer, to furnish Plaintiff's consumer credit information with the maximum accuracy possible; that GMAC is strictly prohibited from furnishing false or inaccurate reports; and that GMAC had a further duty to take reasonable steps to investigate the status of a report upon receipt of notice of a consumer's dispute of said report; and to correct or otherwise notify the consumer of the results of their investigation, and of the measures taken in the course of their investigation, pursuant to the requirements of the *Fair Credit Reporting Act* ("FCRA"), of 15 *United States Code Service* ("U.S.C.") sec. 1681 et seg., and the *Arizona Consumer Reporting Act* ("ACRA"), *Arizona Revised Statutes* ("A.R.S.") sec. 44-1691-1697.

3.      That GMAC is in breach of its requirements under the terms of the written agreement with Plaintiff, as described above.

4.      That GMAC'S actions were not reasonable in light of the Plaintiff's prior, long term perfect credit history with GMAC and in light of Plaintiff's otherwise flawless consumer credit history.

5.      That GMAC also failed in its duties to Plaintiff by failing to conduct a reasonable investigation upon receipt of Plaintiff's dispute of said charges; by furnishing inaccurate, false, and defamatory information to the consumer credit reporting agencies while

15

knowing the account was in dispute; by failing to conduct a reasonable investigation upon receipt of the Plaintiff's dispute directly from a CRA of Plaintiff's consumer credit reports furnished by GMAC; by conducting harassing collection attempts of the account while in dispute; and with each preparation, publication, reporting and re-reporting of inaccurate, false and defamatory consumer credit information.

6.     That the afore-described breach of duty of care by GMAC is made subject in this lawsuit, and were the actual and proximate cause of monetary damages suffered by Plaintiff, damage to Plaintiff's credit worthiness, damage to his business reputation, and severe emotional distress.

XIV.

**COUNT VII: DEFAMATION[1]**

1.     GMAC recklessly, maliciously and/or intentionally, published and disseminated false, inaccurate, and defamatory information concerning Plaintiff to third parties with reckless disregard for the truth of the matters asserted.

2.     GMAC'S publishing of such false, inaccurate, and defamatory information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to Plaintiff.

3.     GMAC was notified of inaccuracies by Plaintiff however, GMAC continued to issue and/or publish report(s) to third parties which contained inaccurate and defamatory information about Plaintiff.

---

[1] Morris v. Warner, 160 Ariz. 55, 62, 770 P.2d 359, 366 (App. 1988).

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

4.     GMAC knew or should have known said reports would have a negative affect on Plaintiff's credit worthiness and to his business reputation, resulting in Plaintiff's suffering monetary damages and severe emotional distress.

5.     That said inaccurate, false and defamatory information resulted in a negative affect on Plaintiff's credit worthiness and to his business reputation, resulting in Plaintiff's suffering monetary damage and severe emotional distress.

6.     That Plaintiff is entitled to exemplary or punitive damages as a result of the defamation of his credit worthiness (business reputation) under FCRA, 15 USC 1681h(e), and A.R.S. sec. 12-653.03.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Assumes jurisdiction over this action;

B. Declares that GMAC is in breach of the mortgage loan agreement and that Plaintiff is current and not in default on the terms thereof;

C. Enjoins GMAC from collecting or attempting to collect any attorney fees, foreclosure fees, late fees, or penalties claimed by GMAC as a result of said breach of the mortgage loan agreement;

D. Awards actual and compensatory damages, including those for mental anguish, in an amount to be determined by the trier of fact;

E. Awards punitive or exemplary damages in an amount to be determined by the trier of fact;

F. Declares that GMAC violated RESPA, enjoin Defendant from committing any future violations of the Act, and award the Plaintiff actual damages and $1000.00 in statutory damages pursuant to 12 U.S.C. § 2605(f);

G. Declares that GMAC violated the FDCPA, enjoin Defendant from committing any future violations of the Act, and award the Plaintiff actual damages and $1000.00 in statutory damages pursuant to 15 U.S.C. § 1692k;

H. Declares that GMAC violated its requirements under FCRA and ACRA and enjoin GMAC from committing any future violations of the Act, and award the Plaintiff punitive or exemplary damages on the basis of the defamation of Plaintiff's business reputation resulting therefrom;

17

I. Awards Debtor reasonable attorney fees and litigation expenses, plus costs of suit, pursuant to 12 U.S.C. § 2605(f) and 15 U.S.C. § 1692k(3), and/or pursuant to A.R.S. Section 12-341.01;

J. Grants such other or further relief as is appropriate.

RESPECTFULLY SUBMITTED this 31st day of March, 2006.

LAW OFFICE OF JOANE E. HALLINAN

Joane E. Hallinan
Attorney for Plaintiff

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

18

# Exhibit A

Jan 21 03 10:15a      A E Adams                    5205780400                    P.4

# WAIVER OF ESCROW

| Borrower Name(s):<br>A. Everette Adams | Lender:<br>GMAC Mortgage Corporation DBA ditech.com<br>3200 Park Center Dr. Suite 150<br>Costa Mesa, CA , 92626- |
|---|---|
| Property Address:<br>7361 W. Turtle Creek PL, Tucson, AZ  85746 | Date:<br>January 9, 2004 |
| | Loan Number:<br>000654856712 |

The Lender hereby agrees to waive the requirement for the monthly deposit of escrow funds for the above referenced mortgage loan.

The undersigned Borrower(s) agree(s) to be solely responsible for the timely payment of any and all property taxes, assessments, leasehold payments, ground rents, and hazard or property insurance premiums (including flood insurance premiums, if applicable), collectively referred to as the "Escrow Items," affecting the above referenced property. Further, the Borrower(s) agree(s) to provide the Lender with written evidence of the payment of such items within two (2) weeks following your receipt of a written request from Lender.

Escrow Items Waived:
- [X] Real Estate Taxes
- [X] Hazard (Homeowner's) Insurance Premium
- [X] Flood Insurance Premiums
- [ ] Other: _____
- [ ] Other: _____

Lender shall have the right to establish or reestablish an escrow account for the payment of the Escrow Items in accordance with the terms of your loan documents in the event that during the term of the mortgage loan:

1. Borrower(s) fail(s) to pay any of the Escrow Items in a prompt and timely manner;

2. Borrower(s) fail(s) to provide Lender with evidence of payment of the Escrow Items within two (2) weeks following your receipt of a written request from Lender;

3. Borrower(s) is(are) otherwise in default under the terms of your mortgage loan documents; or

4. It becomes necessary for Lender to advance funds to pay all or any portion of the Escrow Items.

Date Acknowledged and Accepted: _____

_____
-Borrower

_____
A. Everette Adams          -Borrower

_____
-Borrower

_____
-Borrower

_____
-Borrower

_____
-Borrower

_____
-Borrower

_____
-Borrower

VMP-534 (9705)          VMP MORTGAGE FORMS - (800)521-7291          6/97

ROSA: These are the Waivers



Received Time Dec 21. 10:11AM

1  LAW OFFICES OF JOANE E. HALLINAN
   2751 E. OZONA PL.
2  Tucson, Arizona 85718
   (520) 299-1612 / (520) 577-7044 Fax
3  Joane E. Hallinan, Esq.
   AZ State Bar No. 022487/PCC No. 65703
4  Attorney for Plaintiff



5          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6                IN AND FOR THE COUNTY OF PIMA

7

8  A. EVERETTE ADAMS, a single man,    CASE NO. C20061757

9              Plaintiff,              CERTIFICATE OF ARBITRATION

10 vs.                                 Assigned to:  *Richard Fields*

11

12 GMAC MORTGAGE CORPORATION,

13           Defendants.

14

15         COMES NOW the Plaintiff A. EVERETTE ADAMS by an through his

16 counsel undersigned to certify that the largest award sought by the complaint, including

17 punitive damages, but excluding interest, attorney's fees and cost _X_ does, __ does not

18 exceed the limits set by local rule for compulsory arbitration. This case __ is, _X_ is not

19 subject to the Uniform Rules of Procedure for Arbitration.

20     RESPECTFULLY SUBMITTED this 31st day of March, 2006.

21                          LAW OFFICE OF JOANE E. HALLINAN

22

23

24

25                          Joane E. Hallinan
                            Attorney for Plaintiff
26 //

27 //

1   Copy of the foregoing
2   Sent for hand-delivery this
    31st day of March, 2006 to:
3
    GMAC MORTGAGE CORPORATION
4   % C T CORPORATION SYSTEM
    3225 N. CENTRAL AVENUE
5   PHOENIX, AZ  85012
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

LAW OFFICE OF JOANE E. HALLINAN
2751 E. OZONA PLACE, TUCSON, AZ 85718
TELEPHONE: 520-232-1222

2