**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Jennifer M. Dubay, SBN 013204, PCC 15225
Attorneys for Defendant GMAC Mortgage Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| A. Everette Adams, a single man,<br><br>Plaintiff,<br>v.<br><br>GMAC Mortgage Corporation, a Pennsylvania corporation,<br><br>Defendant. | NO.<br><br>**GMAC MORTGAGE CORPORATION'S ANSWER** |

Defendant GMAC Mortgage Corporation ("GMACM"), for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1.   In response to Paragraph 1 of Section I, GMACM admits and alleges that GMACM holds and services a mortgage on real property of which, upon information and belief, Plaintiff is the holder of legal title.

2.   GMACM denies Paragraph 2 of Section I.

3.   GMACM lacks sufficient knowledge to admit or deny the allegations of Paragraph 3 of Section I.

4.   Paragraph 4 of Section I alleges a legal conclusion for which no response is required, and in any event, GMACM denies Paragraph 4.

phx-fs1\1543222v02

5.  Paragraph 5 of Section I alleges a legal conclusion for which no response is required, and in any event, GMACM denies Paragraph 5.

6.  GMACM denies Paragraph 6 of Section I.

7.  GMACM lacks sufficient knowledge to admit or deny Paragraph 1 of Section II.

8.  In response to Paragraph 2 of Section II, GMACM admits and alleges it is a Pennsylvania corporation authorized to do business in the State of Arizona.

9.  Paragraph 3 of Section II alleges a legal conclusion for which no response is required.

10. Paragraph 4 of Section II alleges a legal conclusion for which no response is required.

11. In response to Paragraph 5 of Section II, GMACM admits it is a furnisher of consumer credit information within the meaning of the Fair Credit Reporting Act.

12. GMACM lacks sufficient knowledge to admit or deny Paragraph 1 of Section III.

13. In response to Paragraph 2 of Section III, GMACM admits and alleges that GMACM has sufficient contacts with the State of Arizona such that state and federal courts within the State of Arizona may exercise personal jurisdiction over GMACM with respect to Plaintiff's claims; and further alleges that the United States District Court for the District of Arizona has jurisdiction over this matter pursuant to 12 U.S.C. §§ 1331 and 1367.

14. GMACM lacks sufficient knowledge to admit or deny Paragraph 3 of Section III.

15. In response to Paragraph 4 of Section III, GMACM denies that it has violated Arizona and federal law.

phx-fs1\1543222v02

16. GMACM denies Paragraph 5 of Section III.

17. GMACM denies Paragraph 6 of Section III.

18. Section IV does not require a response from GMACM.

19. In response to Section V, GMACM denies that it has engaged in conduct justifying an award of exemplary or punitive damages, denies that it is liable to Plaintiff for exemplary or punitive damages, and denies that Plaintiff is entitled to a punitive damages instruction at the pleading stage of this matter.

20. In response to Section VI, GMACM denies that Plaintiff is entitled to an award of litigation expenses, costs and attorneys fees under any of the authorities cited therein.

21. In response to Paragraph 1 of Section VII, GMACM admits and alleges that in consideration for a loan extended to Plaintiff by GMACM on or about February 3, 2004, Plaintiff executed a Note and Deed of Trust securing real property located in Pima County, Arizona in favor of GMACM.

22. In response to Paragraph 2 of Section VII, GMACM admits and alleges Plaintiff refinanced an existing loan extended by GMACM and that his loan is referenced as Account Number 654856712.

23. GMACM denies Paragraph 3 of Section VII.

24. GMACM lacks sufficient knowledge to admit or deny Paragraph 4 of Section VII.

25. GMACM lacks sufficient knowledge to admit or deny Paragraph 5 of Section VII.

26. GMACM lacks sufficient knowledge to admit or deny Paragraph 6 of Section VII.

phx-fs1\1543222v02

27. In response to Paragraph 7 of Section VII, GMACM admits it paid Plaintiff's 2004 property taxes, established an escrow account with respect to Plaintiff's account, and alleges it lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 7.

28. GMACM lacks sufficient knowledge to admit or deny Paragraph 8 of Section VII.

29. In response to Paragraph 9 of Section VII, GMACM admits Plaintiff contacted GMACM and alleges it lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 9.

30. GMACM lacks sufficient knowledge to admit or deny Paragraph 10 of Section VII.

31. GMACM lacks sufficient knowledge to admit or deny Paragraph 11 of Section VII.

32. GMACM lacks sufficient knowledge to admit or deny Paragraph 12 of Section VII.

33. GMACM lacks sufficient knowledge to admit or deny Paragraph 13 of Section VII.

34. In response to Paragraph 14 of Section VII, GMACM admits that one or more of the payments made by Plaintiff were designated as "unapplied funds," and alleges GMACM lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 14.

35. GMACM lacks sufficient knowledge to admit or deny Paragraph 15 of Section VII.

36. GMACM lacks sufficient knowledge to admit or deny Paragraph 16 of Section VII.

phx-fs1\1543222v02

37. GMACM lacks sufficient knowledge to admit or deny Paragraph 17 of Section VII.

38. GMACM lacks sufficient knowledge to admit or deny Paragraph 18 of Section VII.

39. In response to Paragraph 19 of Section VII, GMACM admits Plaintiff contacted GMACM and alleges it lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 19.

40. In response to Paragraph 20 of Section VII, GMACM admits it was contacted by an attorney who represented that she was Plaintiff's attorney, and alleges it lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 20.

41. GMACM lacks sufficient knowledge to admit or deny Paragraph 21 of Section VII.

42. GMACM lacks sufficient knowledge to admit or deny Paragraph 22 of Section VII.

43. GMACM lacks sufficient knowledge to admit or deny Paragraph 23 of Section VII.

44. GMACM lacks sufficient knowledge to admit or deny Paragraph 24 of Section VII.

45. GMACM lacks sufficient knowledge to admit or deny Paragraph 25 of Section VII.

46. GMACM denies Paragraph 26 of Section VII.

47. GMACM denies Paragraph 27 of Section VII.

48. GMACM denies Paragraph 28 of Section VII.

49. GMACM lacks sufficient knowledge to admit or deny Paragraph 29 of Section VII.

phx-fs1\1543222v02

50. GMACM lacks sufficient knowledge to admit or deny Paragraph 30 of Section VII.

51. GMACM lacks sufficient knowledge to admit or deny Paragraph 31 of Section VII.

52. Paragraph 32 of Section VII does not require a response from GMAC.

53. GMACM lacks sufficient knowledge to admit or deny Paragraph 33 of Section VII.

54. GMACM lacks sufficient knowledge to admit or deny Paragraph 34 of Section VII, but affirmatively alleges it is not liable for breach of contract and denies that it violated state and federal law.

55. GMACM denies Paragraph 35 of Section VII.

56. GMACM lacks sufficient knowledge to admit or deny Paragraph 36 of Section VII.

57. In response to Paragraph 1 of Section VIII, GMACM incorporates its admissions, denials and allegations set forth in Paragraphs 1 through 56 above.

58. GMACM denies Paragraph 2 of Section VIII.

59. GMACM denies Paragraph 3 of Section VIII.

60. In response to Paragraph 1 of Section IX, GMACM incorporates its admissions, denials and allegations set forth in Paragraphs 1 through 59 above.

61. Paragraph 2 of Section IX alleges legal conclusions for which no response is required, and in any event, GMACM alleges it lacks sufficient information to admit or deny the allegations of Paragraph 2.

62. Paragraph 3 of Section IX alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 12 U.S.C. § 2605(e)(1)(A).

63. Paragraph 4 of Section IX alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 12 U.S.C. § 2605(e)(2)(A).

64. Paragraph 5 of Section IX alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 12 U.S.C. § 2605(e)(2)(C).

65. Paragraph 6 of Section IX alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 12 U.S.C. § 2605(e)(2).

66. Paragraph 7 of Section IX alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 12 U.S.C. § 2605(e)(3).

67. GMACM denies Paragraph 8 of Section IX.

68. In response to Paragraph 1 of Section X, GMACM admits it is a furnisher of consumer credit information under the Fair Credit Reporting Act, and asserts the remainder of Paragraph 1 alleges legal conclusions for which no response is required.

69. In response to Paragraph 2 of Section X, GMACM denies that it failed to conduct a reasonable investigation.

70. GMACM denies Paragraph 3 of Section X.

71. In response to Paragraph 1 of Section XI, GMACM incorporates its admissions, denials and allegations set forth in Paragraphs 1 through 70 above.

72. Paragraph 2 of Section XI alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 15 U.S.C. § 1692(f).

73. Paragraph 3 of Section XI alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 15 U.S.C. § 1692(e)(2).

74. Paragraph 4 of Section XI alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 15 U.S.C. §§ 1692(e)(5) and 1692(f)(6).

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

phx-fs1\1543222v02

75. Paragraph 5 of Section XI alleges a legal conclusion for which no response is required, and in any event, GMACM denies it violated 15 U.S.C. § 1692(g)(a)(1).

76. Paragraph 1 of Section XII alleges a legal conclusion for which no response is required.

77. GMACM denies Paragraph 2 of Section XII.

78. GMACM denies Paragraph 3 of Section XII.

79. GMAC denies Paragraph 4 of Section XII.

80. In response to Paragraph 5 of Section XII, GMACM lacks sufficient knowledge to admit or deny whether Plaintiff suffered severe emotional distress, but denies that GMACM caused such distress or is liable therefor.

81. GMACM denies Paragraph 6 of Section XII.

82. In response to Paragraph 7 of Section XII, GMACM lacks sufficient knowledge to admit or deny whether Plaintiff "felt" as alleged, but denies that GMACM caused such feeling or is liable therefor.

83. Paragraph 1 of Section XIII alleges a legal conclusion for which no response is required.

84. Paragraph 2 of Section XIII alleges legal conclusions, including incorrect legal conclusions regarding the duties of furnishers of consumer credit information and the applicability of A.R.S. § 44-1691 *et. seq.*, for which no response is required.

85. GMACM denies Paragraph 3 of Section XIII.

86. GMACM denies Paragraph 4 of Section XIII.

87. GMACM denies Paragraph 5 of Section XIII.

88. GMACM denies Paragraph 6 of Section XIII.

89. GMACM denies Paragraph 1 of Section XIV.

90. GMACM denies Paragraph 2 of Section XIV.

phx-fs1\1543222v02

91. GMACM lacks sufficient knowledge to admit or deny Paragraph 3 of Section XIV.

92. GMACM denies Paragraph 4 of Section XIV.

93. GMACM lacks sufficient knowledge to admit or deny Paragraph 5 of Section XIV.

94. GMACM denies Paragraph 6 of Section XIV.

95. GMACM denies all allegations of the Complaint not expressly admitted herein.

96. As and for its affirmative defenses, GMACM alleges:

(a) Plaintiff fails to state a claim for which relief may be granted;

(b) One or more of Plaintiff's claims are barred by the economic loss doctrine;

(c) One or more of Plaintiff's claims are pre-empted by federal law;

(d) Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages;

(e) Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct;

(f) One or more of Plaintiff's claims are barred by the statute of limitations; and

(g) Such other and further defenses as may be ascertained during the course of formal discovery pursuant to Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, GMAC Mortgage Corporation demands that the Complaint be dismissed with prejudice, that Plaintiff take

phx-fs1\1543222v02

1  nothing thereby, and that the Court award GMAC Mortgage Corporation its reasonable
2  attorneys' fees and costs incurred herein.
3  DATED this 4th day of May, 2006.

GREENBERG TRAURIG, LLP

By: *[signature]*
Jennifer M. Dubay
Attorneys for Defendant GMAC Mortgage
Corporation

phx-fs1\1543222v02

# CERTIFICATE OF SERVICE

☒ I hereby certify that on May 4, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: _____

_____
_____
_____

☒ I hereby certify that on May 4, 2006, I served the attached document by United States Mail on the following:

Joane E. Hallinan
LAW OFFICES OF JOANE E. HALLINAN
2751 E. Ozona Pl.
Tucson, AZ 85718
Attorney for Plaintiff

                                            s/Laura L. Giese
                              _____

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

phx-fs1\1543222v02

-11-